**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

GUERLINE TOUISSANT,

    Plaintiff,

v.                                                                                    CASE NO.:

MARRIOTT HOTEL SERVICES, INC.,
a Foreign Profit Corporation d/b/a
MARRIOTT STANTON SOUTH BEACH,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant Marriott Hotel Services, Inc. d/b/a Marriott Stanton South Beach ("Marriott" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully removes the above-captioned action from the Circuit Court of the Eleventh Judicial District in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division, on the following grounds:

1. On March 2, 2021, Plaintiff filed her Complaint (the "Complaint") against Marriott in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, styled *Guerline Touissant v. Marriott Hotel Services, Inc. a Foreign Profit Corporation d/b/a Marriott Stanton South Beach*, Case No. 2021-005134-CA-01 (the "State Court Action"). Marriott has attached copies of all pleadings, process, and order from the State Court Action as **Exhibit A**.

2. Plaintiff, a former employee of Marriott, alleges that Marriott violated Florida law by subjecting her to "unlawful, discriminatory treatment" on the basis of her race/color, national origin, and in retaliation for her alleged complaints of such activity. (**Exhibit A**; Complaint, ¶¶ 1, 20, 31, and 41).

3. The federal removal statue, 28 U.S.C § 1441(a), permits a defendant to remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." The federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C § 1332(a)(1).

4. This action is properly removed to federal court because this Court has diversity jurisdiction under 28 U.S.C § 1332; there is complete diversity of citizenship between Marriott and Plaintiff and the amount in controversy exceeds $75,000.

5. Title 28 U.S.C § 1441(a) further provides that removal must be made to the district court division embracing the place where such action is pending. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003). This action is pending in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, prior to removal and the events alleged by Plaintiff giving rise to her claims allegedly occurred in Miami-Dade County, Florida. (**Exhibit A**; Complaint, ¶ 4). Therefore, venue properly lies in this Court, the Miami Division of the Southern District of Florida, for purposes of removal under 28 U.S.C §§ 1441(a), and 1332.

6. This Notice of Removal is timely filed because it is filed within thirty (30) days from March 22, 2021, the date on which Marriott received a copy of the initial pleading setting forth the claim for relief upon which this action is based, and such removal is noticed less than one year after commencement of this action. *See* 28 U.S.C. § 1446(b)(1) and (c).

7. Pursuant to 28 U.S.C § 1446(d), written notice of the filing of this Notice of Removal will be served on Plaintiff, the only adverse party, and a copy of this notice will also be filed with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County,

Florida. The Notice of Filing Notice of Removal to be filed in the state court is attached as **Exhibit B**.

### The Amount of Controversy Exceeds $75,000

8.      This Court has original jurisdiction over this civil action because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9.      Plaintiff states in her Complaint that "[t]his is an action by the Plaintiff for damages exceeding $30,000, excluding attorney fees or costs," as well as other relief that the law permits, but does not specify the amount of damages actually sought to be recovered. (**Exhibit A**; Complaint, ¶ 1). However, Plaintiff's Form 1.997 Civil Cover Sheet filed contemporaneously with her Complaint makes clear that the "Amount of Claim" according to Plaintiff is "$75,001 - $100,000." (**Exhibit A**; Civil Cover Sheet, ¶ II). Accordingly, Plaintiff's own representations alone establish that the jurisdictional requirement for removal is met.

10.     Notwithstanding the sufficiency of Plaintiff's representations, her Complaint identifies various categories of damages which she alleges are recoverable. Specifically, Plaintiff seeks: (1) back pay, and benefits' adjustment; (2) reinstatement or in the alternative front pay; (3) compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life; (4) punitive damages; and (5) reasonable attorneys' fees for this action. (**Exhibit A**; Complaint, ¶¶ 28(A)-(F), 39(G)-(L), 45, 46(M)-(R)). Therefore, Marriott is entitled to remove this case on diversity grounds if it can show, by a preponderance of the evidence, that Plaintiff's claims are more likely than not to meet the amount-in-controversy requirement. *Roe v. Michelin North American, Inc.*, 613 F.3d 1058, 1060-61 (11th Cir.2010).

11.     Courts determine whether the amount in controversy meets the jurisdictional threshold at the time of removal. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir.

2010). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets the federal jurisdictional requirements." *Roe*, 613 F.3d at 1062. The Eleventh Circuit holds that "preventing a district judge from acknowledging the value of a claim, merely because it is unspecified by the plaintiff, would force the court to abdicate its statutory right to hear the case." *Id.* at 1064 (citing *Pretka,* 608 F.3d at 755.)  To assist the court in its assessment, moving parties may provide additional evidence, including documents, business records and affidavits, to meet their burden.  *Pretka*, 608 F.3d at 755.

11. Marriott can show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interests and costs. Plaintiff seeks damages for alleged discrimination and retaliation in violation of the Florida Civil Rights Act of 1992 ("FCRA"), including back pay, front pay, compensatory damages, attorneys' fees and "such additional relief as the Court deems just and proper under the circumstances." (**Exhibit A**; Complaint ¶¶ 28(A)-(F), 39(G)-(L), 46(M)-(R)). Successful plaintiffs in FCRA actions may be entitled to back pay, compensatory damages (including damages for "emotional pain and suffering"), punitive damages (up to $100,000), and attorneys' fees. *Fla. Stat.* § 760.11(5).

13. The amount in controversy in this civil action is in excess of the jurisdictional limit at issue. Notwithstanding, by making this analysis Marriott makes no admission that Plaintiff is entitled to any damages or to any form of relief whatsoever.

    a) <u>Compensatory Damages</u>: Plaintiff has requested compensatory damages against Marriott for "mental anguish, personal suffering, and loss of enjoyment of life." (**Exhibit A**; Complaint, ¶¶ 28(c), 39(I), 46(O)).  Awards of compensatory damages are uncapped under the FCRA and regularly meet or exceed $75,000. *See Fla. Stat.* § 760.11(5); *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1348-49 (11th Cir. 2000)

(considering potential compensatory damages in analyzing the amount in controversy requirement). Plaintiff's compensatory damages, if recovered, may include a variety of intangible, non-economic losses that potentially exceed the jurisdictional minimum. *See Bartley v. Starwood Hotel & Resorts Worldwide, Inc.*, No. 07-80637-CIV-RYSKAMP\VITUNIC, 2007 U.S. Dist. LEXIS 70535 (S.D. Fla. Sep. 24, 2007) (allegations of pain, mental anguish, loss of enjoyment of life, etc. sufficient to put defendant on notice that jurisdictional minimum is satisfied). Even "garden variety" compensatory damages in employment discrimination cases may significantly increase the amount in controversy. *See Copley v. Bax Global, Inc.*, 97 F. Supp. 2d 1164, 1172 (S.D. Fla. 2000) (noting that in Eleventh Circuit employment cases, "$150,000 may be viewed as a benchmark figure" for compensatory damages); *Brown v. Cunningham Lindsey*, No. 3:05-cv-141-J-32HTS, 2005 U.S. Dist. LEXIS 38862, *17 (M.D. Fla. May 11, 2005) (citing *Munoz*, 223 F.3d at 1348-49); *Stone v. Geico Gen. Ins. Co.*, No. 8:05-cv-636-T-30TBM, 2009 U.S. Dist. LEXIS 109236, *20 (M.D. Fla. Nov. 5, 2009) (reducing a jury award of $200,000 for garden variety emotional pain and suffering to $50,000).

    b)    <u>Back Pay</u>: Successful plaintiffs in FCRA actions may also be entitled to back pay (including statutory interest thereon), front pay, compensatory and punitive damages. *Armstrong v. Charlotte County Bd. of County Comm'rs*, 273 F. Supp. 2d 1312 (M.D. Fla. 2003); *Fla. Stat.* § 760.11(5)(2012). As alleged in the Complaint, Plaintiff was terminated on July 29, 2019. (**Exhibit A**; Complaint, ¶ 16). Accordingly, as of the date of Marriott's removal, Plaintiff has been terminated from employment for approximately 91 weeks. Plaintiff alleges that she was paid $10.00 per hour, and worked an average of 48 hours per week. (**Exhibit A**; Complaint, ¶ 9). Based on Plaintiff's own Complaint

allegations, she was paid an average of $480.00 per week ($10.00 x 48). Therefore, Plaintiff's alleged back pay (at the time of this removal) would be approximately $43,680.00 (91 weeks x $480.00/week). Further, "back pay for purposes of the amount in controversy requirement should be calculated to the date of trial." *Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240, 1244 (M.D. Fla. 2011). Thus, an additional estimated 52 weeks (12 months) can be included in the back pay analysis. *See id*. Plaintiff's back pay damages would therefore include an additional $24,960.00 (52 weeks x $480/week). In total, Plaintiff's back pay alone would be **$68,640.00**.

   c) <u>Front Pay</u>: Additionally, Plaintiff seeks a front pay award, which is available under the FCRA and may be considered for amount in controversy purposes. *Booker v. Doyon Sec. Servs.. LLC*, No. 16-24146-CIV-LEONARD/GOODMAN, 2017 U.S. Dist. LEXIS 220781, at *9 (S.D. Fla. Jan. 20, 2017) (citing *Brown v. Cunningham Lindsey U.S., Inc.*, No. 3:05-cv-141-J-32HTS, 2005 U.S. Dist. LEXIS 38862 (M.D. Fla. May 11, 2005)). Front pay is a form of equitable relief. *Id.* (citing *Brochu v. City of Riviera Beach*, 304 F.3d 1144, 1162 n.31 (11th Cir. 2002)). "The value of equitable relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiff is the requested relief is granted." *Id.* (internal quotations and brackets omitted) (quoting *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002)). In *Brown*, the court included one year of front pay in the amount in controversy calculation. 2005 U.S. Dist. LEXIS 38862, at *15.

Multiplying Plaintiff's average weekly salary by 52 weeks, Plaintiff has a potential front pay award of approximately $24,960.00. *See Ambridge v. Wells Fargo Bank, N.A.*, No. 8:14-cv-1212-EAK-TBM, 2014 U.S. Dist. LEXIS 126654, at *10 (M.D. Fla. Sep. 10,

2014) (noting that the defendant had presented various cases in support of its argument that "one year of front pay is reasonable in employment discrimination cases"). In sum, the amount in controversy well exceeds $75,000.00 in lost wages alone ($68,640.00 in back pay plus $24,960.00 in front pay).

    d)    <u>Punitive Damages</u>: Punitive damages are available under the FCRA, subject to a $100,000 cap. *See Fla. Stat.* § 760.11(5). In her Complaint, Plaintiff alleges that Marriott's actions were "willful, wonton, and intentional, with reckless indifference to Plaintiff's statutorily protected rights," and that she is accordingly entitled to an award of punitive damages. (**Exhibit A**; Complaint, ¶¶ 27, 38, 45). "When determining the jurisdictional amount in controversy in diversity cases, **punitive damages <u>must be considered</u>**, . . . unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (citations and footnote omitted). When considered along with the potential back- and front-pay, and compensatory damages, the requisite amount-in-controversy requirement is more likely than not met.

    e)    <u>Attorneys' Fees</u>: Plaintiff has relied upon the FCRA for the relief she is seeking in this action. The FCRA is a statutory cause of action which entitles a prevailing party to recover reasonable attorneys' fees. "[W]hen a statutory cause of action entitled a prevailing party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000), *cert. denied*, 331 U.S. 957 (2000); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) (same). In establishing the "reasonable amount of fees," the Court can take judicial notice that attorneys' fees sought in these types

of cases routinely approach or exceed the $75,000 threshold.  *See Ramsey v. Chrysler First, Inc.*, 861 F.2d 1541, 1544 (11th Cir. 1988) (affirming an award of $68,288 in attorney's fees); *Mingus v. Bellsouth Mobility*, 1999 U.S. Dist. LEXIS 17082, *14 (S.D. Ala. 1999) ("A review of attorney fee awards in just a few cases in the Eleventh Circuit reveals that such awards can be significant in . . . discrimination cases"); *Alshakanbeh v. Food Lion*, No. 3:06-cv-1904-J-12HTS, 2007 U.S. Dist. LEXIS20746, *7 (M.D. Fla. Mar. 23, 2007) (estimate of $40,000 for attorneys'' fees in employment discrimination case was "conservative"). Each of these cases support Marriott's reasonable belief of the fees to be anticipated in this matter.  With an attorneys' fee award of greater than $75,000.00 highly probable, if Plaintiff prevails, and in light of the fact that such fees are properly combined with the other accrued substantive damages claimed to have been suffered by Plaintiff for purposes of determining the amount in controversy, diversity jurisdiction clearly exists in this matter.

14.     Accordingly, Plaintiff's prior representations alone establish that the amount in controversy exceeds the jurisdictional threshold to invoke the Court's diversity jurisdiction. Additionally, when all of Plaintiff's specific monetary claims in this litigation are combined, along with her statutory claim for attorneys' fees, compensatory damages, and punitive damages, it is more likely than not that the amount at issue here exceeds the $75,000 jurisdictional threshold.

### There is Diversity of Citizenship in This Case

15.     To determine citizenship within the meaning of the diversity provision of 28 U.S.C. § 1332, a natural person must be both a citizen of the United States and a domiciliary of a state. *See Jones v. Law Firm of Hill & Ponton*, 141 S. Supp. 2d 1349, 1354 (M.D. Fla. 2001). "Domicile" for purposes of diversity jurisdiction is determined by two factors: 1) residence; and 2) intent to

remain. *Id.*; *see also Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). In *Jones*, the Court stated:

> In determining domicile, a court should consider both positive evidence and presumptions. One such presumption is that the state in which a person resides at any given time is also that persons domicile. But because changes in residence are so common in the country, courts also refer to another presumption: once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state.

*Id.*

16. Whether done intentionally, or as a matter of simple oversight, Plaintiff's Complaint makes no allegation whatsoever regarding Plaintiff's residency. However, the Court is instructed to "look behind the pleadings to ensure that the parties are not improperly creating or destroying diversity jurisdiction. *Miss. ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014). In doing so, evidence such as voter registration, driver's licenses, employment records, and vehicle registration serve to supplement an allegation of residency. *Taylor v. Am. Hertiage Church Fin., Inc.*, No. 6:10-cv-559-Orl-31GJK, 2010 U.S. Dist. LEXIS 83351, at *4 (M.D. Fla. Jul. 19, 2010). "Evidence of citizenship may include . . . affidavits establishing jurisdictional elements." *John Hancock Life Ins. Co. (U.S.A.) v. Orr*, No. 6:15-cv-317-Orl-18TBS, 2015 U.S. Dist. LEXIS 94796, at *5 (M.D. Fla. Jul. 1, 2015).

17. Accordingly, in support of this Notice of Removal, the undersigned has conducted a public records search through LexisNexis to confirm that Plaintiff is a citizen of the State of Florida, as well as a search of other publicly available records. (*See* **Exhibit C**, Declaration of Daniel K. Miles). As set forth more fully in the accompanying declaration, the records uncovered by the undersigned establish that Plaintiff both currently resides, and intends to continue to reside in the State of Florida. Specifically:

      a.      Since March 2020, Plaintiff has resided at 152 N.W. 77th Street, Miami, FL 33150. (**Exhibit C**, ¶ 4).  Plaintiff previously lived at 420 N.E. 158th Street, Miami, FL 33162.  (**Exhibit C**, ¶ 4).

      b.      As of October 2018, when applying for employment with Marriott, Plaintiff listed her address as 160 Northwest 69th Street, Miami, FL 33150.  (**Exhibit C**, ¶ 3).

      c.      Plaintiff was issued a Florida "Identification Card" on December 14, 2018. (**Exhibit C**, ¶ 5).

      d.      Plaintiff has been registered to vote in Miami-Dade County, Florida, since December 12, 2018. (**Exhibit C**, ¶ 6).

      e.      Plaintiff registered two separate vehicles in Florida in February 2021. (**Exhibit C**, ¶ 7).

18.    Accordingly, the evidence supports that Plaintiff established domicile in Florida, and there is nothing to suggest that Plaintiff has satisfied the "mental and physical requirements" to establish domicile in a state other than Florida. Thus, the positive evidence set forth in the attached declaration, as well as the presumptions contemplated in *Jones* support that Plaintiff is domiciled in Florida for purposes of establishing jurisdiction.

19.    Marriott was incorporated in Delaware and maintains its principle place of business in Maryland.  (*See* **Exhibit D**).  As a corporation, Marriott is a citizen of the state in which it was incorporated (Delaware) and the state in which it has its principle place of business (Maryland). *See* 28 U.S.C. § 1332(c)(1). Accordingly, Marriott is completely diverse from Plaintiff.

20.    Thus, Marriott can show by a preponderance of the evidence that there is complete diversity of all parties properly joined and served.  *See* 28 U.S.C. § 1446(b)(2)(A).

21. Removal of this action is timely. Pursuant to 42 U.S.C. § 1446(b), removal of this action is timely because it has been less than one year since the commencement of this action and less than thirty days since the receipt of the initial pleading setting forth the claim for relief upon which this action is based.

22. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant are attached hereto. (*See* **Exhibit A**).

23. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be served on Plaintiff, the only adverse party, and a copy of this Notice will also be filed concurrently with the Clerk of the Circuit Court, Eleventh Judicial Circuit, Miami-Dade County, Florida. (*See* **Exhibit B**.)

WHEREFORE, on the foregoing basis, Marriott Hotel Services, Inc. respectfully submits that removal of this action from the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to this Court is proper.

FORDHARRISON LLP

By: */s/ Daniel K. Miles*
Reynaldo Velazquez
Florida Bar No. 0069779
Email: rvelazquez@fordharrison.com
1 SE 3rd Avenue, Suite 2130
Miami, FL 33131
Telephone: (305) 808-2100
Facsimile: (305) 808-2101

Daniel K. Miles
Florida Bar No.119930
Email: dmiles@fordharrison.com
FORD & HARRISON LLP
100 E. Kennedy Blvd., Suite 900
Tampa, FL 33602
Telephone: (813) 261-7800|
Facsimile: (813) 261-7899
Attorneys for Marriott Hotel Services, Inc.

-12-

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 21, 2021, a true and correct copy of the foregoing was served via e-mail upon:

Jason S. Remer, Esq.
Daniel H. Hunt, Esq/
Remer & Georges-Pierre, PLLC
44 West Flagler St., Suite 2200
Miami, FL 33130
jremer@rgpattorneys.com
dhunt@rpgattorneys.com

*/s/ Daniel K. Miles*
Attorney

WSACTIVELLP:12208573.1