**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.      **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Guerline Touissant</u>
 Plaintiff                                                         Case # _____

                                                                   Judge  _____

 vs.

<u>Marriot Hotel Services Inc</u>
 Defendant

II.      **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 **-** $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☒  $75,001 - $100,000
☐  over $100,000.00

III.      **TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**EXHIBIT A**

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  <u>3</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jason S Remer</u>          Fla. Bar # <u>165580</u>
      Attorney or party               (Bar # if attorney)

<u>Jason S Remer</u>            <u>03/02/2021</u>
 (type or print name)           Date

 **CT Corporation**

**Service of Process Transmittal**
03/22/2021
CT Log Number 539247818

TO: Randi Neches
Marriott International, Inc.
1 Star Pt
Stamford, CT 06902-8911

RE: **Process Served in Florida**

FOR: MARRIOTT HOTEL SERVICES, INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Guerline Touissant, Pltf. vs. Marriott Hotel Services, Inc, etc., Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Miami-Dade County Circuit Court, FL Case # 2021005134CA01 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 07/29/2019 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/22/2021 at 01:02 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service of this summons upon you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | JASON S. REMER REMER & GEORGES-PIERRE, PLLC 44 WEST FLAGLER STREET SUITE 2200 Miami, FL 33130 305-416-5000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/22/2021, Expected Purge Date: 03/27/2021 |
| | Image SOP |
| | Email Notification, Randi Neches  Randi.Neches@Marriott.com |
| | Email Notification, Reine Blackwell-Moore  reine.blackwell@marriott.com |
| | Email Notification, Eleni Planzos  eleni.planzos@marriott.com |
| | Email Notification, Matthew Casassa  matthew.casassa@marriott.com |
| | Email Notification, Cara Anderson  Cara.Anderson@marriott.com |
| | Email Notification, Michael Martinez  michael.martinez@marriott.com |

 **CT Corporation**

# Service of Process Transmittal

03/22/2021
CT Log Number 539247818

**TO:**  Randi Neches
Marriott International, Inc.
1 Star Pt
Stamford, CT 06902-8911

**RE:**  **Process Served in Florida**

**FOR:**  MARRIOTT HOTEL SERVICES, INC.  (Domestic State: DE)

Email Notification,  Theresa Coetzee  Theresa.Coetzee@marriott.com

Email Notification,  Dave Bell  dave.bell@marriott.com

Email Notification,  Margot Metzger  margot.metzger@marriott.com

**REGISTERED AGENT ADDRESS:**  C T Corporation System
1200 South Pine Island Road
Plantation, FL 33324
877-564-7529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**              Mon, Mar 22, 2021

**Server Name:**       George Thompson

| Entity Served | MARRIOTT HOTEL SERVICES, INC. |
|---|---|
| Agent Name | CORPORATE CREATIONS NETWORK INC. |
| Case Number | 2021005134CA01 |
| Jurisdiction | FL |



IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GUERLINE TOUISSANT,

      Plaintiff,

v.                         CASE NO.: 2021-005134-CA-01

MARRIOTT HOTEL SERVICES, INC a Foreign
Profit Corporation d/b/a MARRIOTT STANTON
SOUTH BEACH

      Defendants.

_____/

### SUMMONS IN A CIVIL CASE

**TO:** **MARRIOTT HOTEL SERVICES, INC** through their REGISTERED AGENT:

        CT CORPORTION SYSTEM
        1200 S. PINE ISLAND RD
        PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        JASON S. REMER, ESQ.
        REMER & GEORGES-PIERRE, PLLC
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

_____   3/8/2021
CLERK                  DATE

_____ 310009_____
(BY) DEPUTY CLERK

Case 1:21-cv-21525-BB Document 1-3 Entered on FLSD Docket 04/21/2021 Page 8 of 21

IN THE CIRCUIT COURT FOR THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GUERLINE TOUISSANT,

     Plaintiff,

v.                             CASE NO.:

MARRIOTT HOTEL SERVICES, INC a Foreign
Profit Corporation d/b/a MARRIOTT STANTON
SOUTH BEACH

     Defendants.

_____/

## **COMPLAINT**

     Plaintiff, GUERLINE TOUISSANT ("Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendant, MARRIOTT HOTEL SERVICES, INC. D/B/A MARRIOTT STANTON SOUTH BEACH ("Defendant") and in support states as follows:

## **GENERAL ALLEGATIONS**

     1.  This is an action by the Plaintiff for damages exceeding $30,000, excluding attorney fees or costs, pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA") to redress injuries resulting from Defendants unlawful, discriminatory treatment of Plaintiff.

     2.  Defendant is authorized to conduct business in Miami-Dade County, Florida, and at all times material hereto was and is engaged in interstate commerce.

     3.  At all relevant times Defendant were an employer within the meaning of state and federal employment law in that it employed 50 or more employees for at least twenty calendar weeks in the current year or the previous year.

4.   The violations complained of herein occurred in Miami-Dade County, Florida and as such, venue is proper in this Court.

5.   On or about February 2019, Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"), the Florida Commission on Human Relations ("FCHR") and The Miami Dade County Commission on Human Rights ("MDCHR") for race, color, national origin discrimination and retaliation. Neither investigating agency issued any determination on the merits within 180 days of the Charge being filed.

6.   All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7.   Plaintiff is a Black, Haitian Female.

8.   Plaintiff started working for Defendants as a Housekeeper on or about October 9, 2018.

9.   Throughout her employment, Plaintiff worked an average of forty-eight hours each week for which the Defendants paid $10.00 per hour.

10. Plaintiff's supervisor is a white Hispanic named Sergio.

11. Throughout her employment, Plaintiff was consistently harassed by her manager who would regularly treat non-black employees with preferential treatment such as less work hours and less rooms to clean.

12. In February of 2019, plaintiff called out sick.  This was on a Friday.  Despite reporting that she was sick, she was written up and her supervisor demanded she sign a corrective action form.  Plaintiff refused and was then given three days of unpaid suspension and escorted off of the property by security.

13. In late April of 2019, plaintiff called the employee hotline and complained that non-black employees were receiving preferential treatment such as less work hours and less rooms to clean.

14. Indeed, as a result of this harassment plaintiff suffered greatly.

15. Defendants failed to take any corrective action regarding these issues, nor was Plaintiff given any mechanism to document the conduct or have it investigated.  She had no discretion to address the issues.

16. On July 29, 2019, Defendants terminated Plaintiff in retaliation for her complaints about workplace discrimination and harassment.

17. Any reason proffered by Defendants for the adverse employment action is mere pretext for unlawful discrimination and retaliation.

## COUNT I
### *Race and Color Discrimination in Violation of the FCRA against Defendant*

18. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. Plaintiff is a member of a protected class under the FCRA.

20. By the conduct describe above, Defendants have engaged in discrimination against Plaintiff because of Plaintiff's race and color and subjected the Plaintiff to race and color-based animosity.

21. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is not black.

22. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendants and its supervisory personnel were aware that discrimination on the basis of Plaintiff's national origin was unlawful but acted in reckless disregard of the law.

23. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

24. Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

25. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

26. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and the Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

27. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights.

28. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

A. Adjudge and decree that Defendants have violated the FCRA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.  Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *National Origin Discrimination in Violation of the FCRA against Defendant*

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

30. Plaintiff is a member of a protected class under the FCRA.

31. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to national-origin-based animosity.

32. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is not American and is in fact Haitian.

33. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendants and its supervisory personnel were aware that discrimination on the basis of Plaintiff's national origin was unlawful but acted in reckless disregard of the law.

34. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

35. Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

36. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

37. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and the Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

38. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights.

39. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

G. Adjudge and decree that Defendants have violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

H. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

I.  Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

J.  Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

K.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

L.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Retaliation in Violation of the FCRA against Defendant*

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

41. By the conduct describe above, Defendant retaliated against Plaintiffs for exercising rights protected under the FCRA.

42. Defendants' conduct complained of herein was willful and in disregard of Plaintiffs' protected rights.  Defendants and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

43. As a result of Defendants' actions, as alleged herein, Plaintiffs have been deprived of rights, have been exposed to ridicule and embarrassment, and they have suffered emotional distress and damage.

44. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and the Defendants' failure to make prompt remedial action to prevent continued

discrimination against Plaintiffs, deprived Plaintiffs of statutory rights under federal law.

45. The actions of Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiffs' statutorily protected rights, thus entitling Plaintiffs to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

46. Plaintiffs have suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

M. Adjudge and decree that Defendants have violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

N. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

O. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

P. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

Q. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

R. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: March 2, 2020      Respectfully submitted,

/s/ Jason S. Remer
Jason S. Remer, Esq.
Florida Bar No. 165580
jremer@rgpattorneys.com
Daniel H. Hunt, Esq.
Florida Bar No. 121247
dhunt@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone:  305-416-5000
Facsimile: 305-416-5000

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2021-005134-CA-01
SECTION: CA21
JUDGE: David C. Miller

**Guerline Touissant**

Plaintiff(s)

vs.

**Marriot Hotel Services Inc**

Defendant(s)

_____/

## ORDER EXTENDING TIME TO RESPOND TO COMPLAINT

This cause came before the Court on Defendant's Unopposed Motion for Extension of Time to Respond to Complaint.  The Court, having read the Motion, being advised that it is unopposed, and being otherwise fully advised in the premises, it is:

ORDERED AND ADJUDGED:

1. Defendant's Unopposed Motion for Extension of Time to Respond to Complaint is **GRANTED.**

2. Defendant shall have until and including May 2, 2021, to respond to Plaintiff's Complaint.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>12th day of April,</u> <u>2021</u>.

<u>2021-005134-CA-01 04-12-2021 1:35 PM</u>

Hon. David C. Miller

**CIRCUIT COURT JUDGE**

Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**

Daniel K Miles, dmiles@fordharrison.com

Daniel K Miles, dbradley@fordharrison.com

Jason S Remer, jremer@rgpattorneys.com

Jason S Remer, ng@rgpattorneys.com

Jason S Remer, pn@rgpattorneys.com

**Physically Served:**

**IN THE CIRCUIT COURT FOR THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION**

GUERLINE TOUSSAINT,

       Plaintiff,

v.                                   Case No.:  2021-005134-CA-01

MARRIOTT HOTEL SERVICES, INC., a
Foreign Profit Corporation d/b/a MARRIOTT
STANTON SOUTH BEACH,

       Defendant.

_____/

**DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION
OF TIME TO RESPOND TO COMPLAINT**

      With the consent of Plaintiff's counsel and pursuant to Rule 3.050 of the Florida Rules of

Civil Procedure, Defendant Marriott Hotel Services, Inc. ("Marriott" or "Defendant") hereby

requests an additional twenty (20) days, up to and including May 2, 2021, to serve a pleading

responsive to Plaintiff's Complaint and Demand for Jury Trial for the following reasons:

      1.      The Court may extend the time for responding with or without notice, if the petition

is made before the expiration of the period originally prescribed.  Fla. R. Civ. P. 3.050.

      2.      Plaintiff consents to the Court extending for twenty (20) days the time for Marriott's

response.

      3.      The Summons and Complaint were served on Marriott on March 22, 2021.

Accordingly, Defendant's response is currently due on or before April 12, 2020.

      4.      The undersigned counsel was recently retained by Marriott to represent them in this

matter.

5.      Accordingly, the undersigned needs additional time to research, investigate, and evaluate the specific allegations contained in Plaintiff's Complaint and formulate an appropriate and accurate response.

6.      On April 9, 2021, the undersigned contacted Plaintiff's counsel, who represented that he was not opposed to allowing until May 2, 2021, for the filing of a response to the Complaint.

7.      This motion is made in good faith and not for the purposes of delay.

8.      No party will be prejudiced by the filing or granting of this motion, Plaintiff's counsel has consented to the motion, and Marriott has timely filed this motion within the current deadline to respond.

**WHEREFORE,** Marriott respectfully requests that the Court enter an order allowing for twenty (20) additional days to respond to the Complaint, up to and including May 2, 2021.

<u>**CERTIFICATE OF CONFERRAL**</u>

The undersigned certifies that he has conferred with Plaintiff's counsel, who represented that he did not oppose the relief requested in this motion.

Dated this 12th day of April, 2021.

**[SIGNATURES ON FOLLOWING PAGE]**

Respectfully submitted,

By: /s/  *Daniel K. Miles* _____
    Reynaldo Velazquez
    Florida Bar No. 0069779
    rvelazquez@fordharrison.com
    1 SE 3rd Avenue, Suite 2130
    Miami, FL 33131

    Daniel K. Miles
    Florida Bar No. 119930
    dmiles@fordharrison.com
    101 E. Kennedy Blvd., Suite 900
    Tampa, FL 33602

    Attorneys for Marriott Hotel Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2021, I electronically filed the foregoing using the

Florida courts E-Filing Portal, which will send a true and correct copy of the foregoing to parties

of record, including the following:

Jason S. Remer, Esq.
Daniel H. Hunt, Esq/
Remer & Georges-Pierre, PLLC
44 West Flagler St., Suite 2200
Miami, FL 33130
jremer@rgpattorneys.com
dhunt@rpgattorneys.com

    */s/ Daniel K. Miles* _____
    Attorney

3